IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MJCM, LLC d/b/a
    Pinnacle Financial Strategies,

        Plaintiff

v.

IntelliShop, LLC,

        Defendant

Case No. 3:07CV01115

ORDER

    This is a suit between companies in the business of conducting "mystery shopping." At an earlier stage of their dispute, they entered into a Mediation Settlement Memorandum [MSM]. That document, *inter alia*, included an arbitration clause.

    Pending is a motion by the defendant to vacate a decision by the arbitrator. In that decision, the arbitrator, responding to differing views between the parties as to whether an aspect of the dispute is covered by the agreement to arbitrate, concluded that he has "jurisdiction and authority to hear Pinnacle's claims for damages under the MSM and will proceed with the arbitration of this matter." [Doc. 12-3, at 4]. By stating that he "will proceed with arbitration of this matter," the arbitrator has directed the arbitration to go forward.

    The defendant's motion and the parties' briefs address the merits of the arbitrator's decision [i.e., whether it should be vacated or upheld]. The parties have not, however, addressed whether this matter is properly before me at this time.

This appears to be an interlocutory, rather than a final determination. Under the Federal Arbitration Act, 9 U.S.C. § 16(b)(2), "an appeal may not be taken from an interlocutory order . . . directing arbitration to proceed. . . ."

The Second Circuit discussed the restrictions on interlocutory appeals from arbitration proceedings and the reasons for those restrictions in *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 414 -415 (2d Cir.1980) (citations omitted; footnote omitted):

> Under the Federal Arbitration Act, 9 U.S.C. s 1 et seq., a district court does not have the power to review an interlocutory ruling by an arbitration panel. The language of the Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award, see 9 U.S.C. s 10, or to modify or correct it, see id. at s 11. Thus, . . ., a district court is without authority to review the validity of arbitrators' rulings prior to the making of an award. Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable.
> Policy considerations, no less than the language of the Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court. . . . [A] district court should not "hold itself open as an appellate tribunal" during an ongoing arbitration proceeding, since applications for interlocutory relief "result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision." . . . [A]rbitration is supposed to conserve the time and resources of both the courts and the parties; thus, for the court to entertain review of intermediary arbitration decisions involving procedure or any other interlocutory matter, would disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation.

The Sixth Circuit has likewise noted that § 16 [formerly § 15] of the Arbitration Act "forbids immediate appeals of interlocutory orders favoring arbitration, but not final orders favoring arbitration." *Arnold v. Arnold Corp.-Printed Communications For Business*, 920 F.2d 1269, 1275 -1276 (6th Cir. 1990).

Although, in light of the apparently plain language of the Arbitration Act and the conclusiveness of the statements in those precedents, dismissal *sua sponte* of the defendant's motion

to vacate would appear appropriate, I shall give the defendant, if it believes my view of the nature of its appeal and the applicable law is incorrect, leave to show cause why the its motion should not be overruled, without prejudice.

It is, therefore,

ORDERED THAT the pending motion to vacate shall be dismissed without prejudice, unless the defendant shows cause by September 14, 2007, why such dismissal should not occur.[1]

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[1] If the defendant responds to this show cause order by said date, the plaintiff shall have leave to respond to the defendant's response on or before October 1, 2007. Unless thereafter otherwise ordered, no reply will be allowed, and the response to the show cause order shall be deemed decisional as of that date.

If the defendant files no response to the show cause order, the Clerk shall note on the docket that the motion to vacate is dismissed as of that date pursuant to this order.