IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MJCM, LLC d/b/a,                          Case No. 3:07CV01115
    Pinnacle Financial Strategies,

        Plaintiff

v.                                                          ORDER

IntelliShop, LLC,

        Defendant

      This case involves a dispute between parties to the sale and purchase of a "mystery shopper" business. After the dispute arose, the parties entered into a mediation agreement.

      Pending is a motion by the defendant to vacate a decision by the arbitrator; the gravamen of the motion is that the arbitrator, having decided to arbitrate an issue which, the defendant contends, the parties have not agreed to arbitrate, will be exceeding his authority.

      Once the motion to vacate became decisional, it appeared to me, on reading the parties' briefs, that the motion to vacate was premature, and should be overruled without prejudice. I ordered the defendant to show cause why the motion to vacate – which challenges an interlocutory decision, rather than a final award – should not be overruled due to prematurity. [Doc. 15].

The defendant, rather than responding to the concerns expressed in that order, has renewed its basic assertion [namely, that the determination as to whether an issue is arbitrable is for the court, rather than the arbitrator, to decide].

That contention misses the point, which is that the decision is interlocutory, not final. As a general rule, courts do not entertain piecemeal challenges to arbitrators' decisions. *See generally Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414-15 (2d Cir. 1980); *see also Arnold v. Arnold Corp.-Printed Communications For Business*, 920 F.2d 1269, 1275 (6th Cir. 1990).

The defendant has not shown cause why this general rule should not be applied here. To the extent that the arbitrator decides issues that he is authorized to decide, that much of the parties' dispute will be resolved [subject to review for arbitrariness, etc.]. If the arbitrator decides issues that either party believes he was not authorized to decide, such decision[s] can be addressed in a post-final award motion to vacate.

The decision being challenged by means of the pending motion to vacate being interlocutory, rather than final, it is hereby

ORDERED THAT the defendant's motion to vacate arbitrator's decision be, and the same hereby is overruled, without prejudice.

So ordered.

                                                                           s/James G. Carr
                                                                           James G. Carr
                                                                           Chief Judge